UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KAP SOOK CHOI,

      Plaintiff,

  v.

MERCK & COMPANY, INC.; and MCKESSON CORPORATION,

      Defendants.

NO. CIV. S-06-1977 WBS DAD

MEMORANDUM AND ORDER RE: MOTION TO STAY

----oo0oo----

      Plaintiff Kap Sook Choi brought this action in the Superior Court in and for the County of Los Angeles for damages related to a stroke allegedly caused by the drug Vioxx. The action was removed to this court on September 1, 2006. Defendant Merck now moves the court to stay this case pending transfer to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

I.   Factual and Procedural Background

      Defendant Merck is a pharmaceutical company incorporated and having its principal place of business in New Jersey. Prior to September, 2004, Merck manufactured and marketed Vioxx, a nonsteroidal anti-inflammatory drug ("NSAID")

1

1  used to treat arthritis and acute pain.  However, on September
2  30, 2004, Merck voluntarily withdrew Vioxx from the market in
3  light of evidence that patients taking the drug experienced
4  cardiovascular complications.
5       Multidistrict litigation ("MDL") against Merck, arising
6  from consumption of Vioxx, is currently pending in federal court
7  before Judge Eldon E. Fallon.  In re VIOXX Prods. Liab. Litig.,
8  360 F. Supp. 2d 1352 (J.P.M.L. 2005).  On February 16, 2005, the
9  Judicial Panel on Multidistrict Litigation ("JPML") consolidated
10 138 federal cases involving Vioxx and transferred them to the
11 Eastern District of Louisiana.  See MDL Panel Docket Nos. 1657
12 and 1699, CTO-44 and CTO-18 (Mar. 23, 2006).
13      Plaintiff's suit is, however, complicated by
14 plaintiff's inclusion of a second defendant.  In addition to
15 Merck, the manufacturer defendant, plaintiff is suing McKesson, a
16 California corporation allegedly serving as the state's primary
17 distributor of pharmaceuticals.  (Pl.'s Opp'n to Def.'s Mot. to
18 Stay 1.)  Plaintiff, also a citizen of California, contends that
19 McKesson's involvement in this suit rendered Merck's removal of
20 this action improper.
21      However, defendant moves to stay this action in light
22 of an expected decision by the MDL court to transfer this matter.[1]
23 Merck argues that after the transfer is complete, the MDL court

---

[1] Defendant Merck has submitted a "tag-along letter" which notified the panel of this action on September 5, 2005. (Def.'s Mot. to Stay 4.)  The MDL Panel has issued conditional transfer orders transferring actions to the panel based on the information in similar tag-along letters submitted in other cases.  (Id.)  Defendant Merck anticipates that the panel will list this case on a conditional transfer order within a few weeks of receiving the tag-along letter.  (Id.)

2

1 will be in the best position to provide a <u>uniform</u> answer to the
2 question presented here: whether McKesson was fraudulently joined
3 for the purpose of defeating diversity jurisdiction.  <u>See</u> Carole
4 Bosch Decl. Ex. A (Oct. 27, 2005 MDL Minute Entry) ("Several
5 remand motions have been filed with the Court.  The Court will
6 deal with these motions as a group in accordance with procedures
7 to be established in the future.").

II. <u>Discussion</u>

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  Moreover, a stay, and deference to the MDL transferee court, is particularly appropriate when the parties contest issues that are "likely to arise in other actions pending" in the consolidated proceedings.  <u>Conroy v. Fresh Del Monte Produce Inc.</u>, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

On January 25, 2006, this court issued a stay in <u>Leeson v. Merck & Co.</u>, No. 05-2240.  That case, which also involved a plaintiff's motion to remand and a defendants' motion to stay, is in many respects identical to the instant matter.  Significantly, the parties in <u>Leeson</u> also disputed whether defendant McKesson had been fraudulently joined, an issue which will determine whether plaintiff's case against defendant Merck will proceed in federal or state court.  Plaintiff has not attempted to

1  distinguish this court's order in Leeson.² Consequently, for the
2  reasons stated in that order, the court will also stay this case.³
3        IT IS THEREFORE ORDERED that defendants' motion to stay
4  be, and the same hereby is, GRANTED.
5  DATED: October 25, 2006

                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE

---

² Significantly, federal courts throughout the nation have stayed more than 2,500 Vioxx cases, including more than fifty cases filed in California state court and removed to federal court based on allegations of the fraudulent joinder of McKesson Corporation. (Dana A. Blanton Decl. in Supp. of Defs.' Reply ¶ 2.)

³ See also Welch v. Merck & Co., Inc., No. S-05-2267, slip op. at 4 (E.D. Cal. Feb. 3, 2006) (documenting "a recent trend in this court to stay the Vioxx products liability cases against Merck" pending transfer to the MDL court).